IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CONSTANCE BURGER, | : Case No. 3:24-cv-00042 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Caroline H. Gentry |
| AUTO-OWNERS INSURANCE COMPANY, | : |
| Defendant. | : |

# ORDER

This Court previously entered an Order to Show Cause as to why this case should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 9.) For the reasons discussed below, the Court concludes that the amount-in-controversy requirement is met. Accordingly, the Court's Order to Show Cause (Doc. No. 9) is **DISCHARGED**.

**I.     BACKGROUND**

Plaintiff Constance Burger alleges that Defendant violated a homeowner's insurance policy by failing to cover losses caused by a windstorm. (Complaint, Doc. No. 5.) In her Complaint, which was originally filed in the Shelby County Court of Common Pleas, Plaintiff asserts state-law claims for breach of contract and bad faith. (*Id*. at PageID 113-16.) For each claim, Plaintiff alleges that she was damaged "in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial." (*Id.*) She also seeks punitive damages, attorney's fees, costs, and prejudgment interest. (*Id.*)

1

Defendant removed the lawsuit to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) In the Notice of Removal, Defendant asserted that "[a]ccording to the Complaint, the amount in controversy is at least $100,000. See ¶¶ 26, 27, 26 [sic], and 37." (*Id.* at PageID 2.) Defendant apparently added together Plaintiff's separately pled demands for compensatory damages in excess of $25,000 for breach of contract (*id*. at ¶ 26), punitive damages in excess of $25,000 for breach of contract (*id*. at ¶ 27), compensatory damages in excess of $25,000 for bad faith (*id*. at ¶ 36), and punitive damages in excess of $25,000 for bad faith (*id*. at ¶ 37.) Defendant did not itself assert an amount in controversy. Nor did Defendant allege facts that show that the amount in controversy actually exceeds $75,000.

Upon review of Plaintiff's Complaint and the Notice of Removal, the Court concluded that Defendant had not plausibly alleged that the amount in controversy exceeds $75,000. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 9.)

In response, Defendant provided a written repair estimate that was obtained by Plaintiff and "included replacement of shingles, a ribbed metal roofing system, new soffit and trim to a barn, and for the installation of leaf guard gutters that totaled $77,950.001." ("Response," Doc. No. 13 at PageID 177-78.) Defendant also noted that Plaintiff sought punitive damages and attorneys' fees in connection with her bad faith claim. (*Id*. at PageID 178.) Finally, Defendant asserted that Plaintiff's counsel refused to stipulate that the amount in controversy of the lawsuit is less than $75,000. (*Id*. at PageID 178.)

## II. LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal) then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the date the complaint is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

When the plaintiff specifies an amount of damages in the complaint and has a good-faith basis for doing so, the removing defendant can generally rely on that monetary demand to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include a plausible allegation that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)). *Accord Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating **by competent proof** that the complete-diversity and amount-in-controversy requirements are met") (emphasis added).

4

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). Notably, the Court is not "bound by the plaintiff's representations regarding" his or her estimate of the amount in controversy. *Id.*; *accord Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal").

### III. ANALYSIS

In response to this Court's Order to Show Cause, Defendant submitted a written estimate that Plaintiff obtained from Buckeye Homes Services. ("Estimate," Doc. No. 13-2.) Defendant asserts that the estimate places the total costs of the repairs demanded by Plaintiff at $77,950. (Response, Doc. No. 13 at PageID 177; Affidavit of Patrick J. Gump, Doc. No. 13-1.)

It appears, however, that the Estimate provides two options for roof replacement: 1) shingled roofing at a cost of $35,050, and 2) ribbed metal roofing system at a cost of $42,900. (Estimate, Doc. No. 13-2.) If so, then Plaintiff's compensatory damages range from $35,050 to $42,900 and do not satisfy the amount-in-controversy requirement.

Nevertheless, Plaintiff's additional claims for punitive damages and attorney's fees push the amount in controversy over the $75,000 threshold. It is well settled that "a statutory attorney's fee can be considered in determining whether the jurisdictional

5

amount is met." *Clark v. Nat'l Traveler Life Ins. Co.,* 518 F.2d 1167, 1168 (6th Cir. 1975) (internal citations omitted). Additionally, punitive damages must be considered in calculating the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered." *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (internal citation omitted).

Here, Plaintiff has asserted a bad faith claim and demanded punitive damages and attorney's fees. (Complaint, Doc. No. 5 at PageID 113-16.). Ohio law authorizes an award of punitive damages in an amount of ***up to*** twice the economic damages awarded on a bad-faith claim. O.R.C. § 2315.21(D)(2)(a) (emphasis added). Utilizing a conservative 1:1 ratio of compensatory to punitive damages, *see Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. Appx. 463, 472 (6th Cir. 2019), the amount of compensatory damages, punitive damages, and probable attorneys' fees "easily pushes the amount in controversy over the jurisdictional threshold." *Id*.

## IV. CONCLUSION

For the reasons stated, the Court finds that Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court's Order to Show Cause (Doc. No. 9) is **DISCHARGED**.

**IT IS SO ORDERED.**

        *s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge